**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Denise Louise Sanders</u>

   v.                                      Case No. 14-cv-188-PB
                                                              Opinion No. 2014 DNH 141

<u>Luminescent Systems, Inc., et al.</u>

**O R D E R**

On March 14, 2014, Denise Louise Sanders sued Luminescent Systems, Inc. and Tony LaFromboise in New Hampshire Superior Court for wrongful termination, retaliation, sex discrimination, and defamation. She has based all of her claims exclusively on state law. On May 1, defendants removed the suit to this court. Sanders moves to remand, contending that this court lacks jurisdiction because (1) there is not complete diversity of citizenship between the parties; and (2) the amount in controversy does not exceed $75,000. See 28 U.S.C. § 1332(a).

I. **DIVERSITY OF CITIZENSHIP**

For diversity purposes, citizenship is equated with domicile, which can be "established by demonstrating that the individual is physically present in the state and has an intent to remain indefinitely." Garcia Perez v. Santaella, 364 F.3d

348, 350 (1st Cir. 2004). Such intent may be proven by evidence of where an individual "exercises civil and political rights, pays taxes, has real and personal property, has a driver's or other license, has bank accounts, has a job or owns a business, attends church, and has club memberships." Rodríguez v. Señor Frog's de la Isla, Inc., 642 F.3d 28, 33 (1st Cir. 2011) (citing Bank One, Tex., N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992)). No single consideration is dispositive, and "the analysis focuses not simply on the number of contacts with the purported domicile, but also on their substantive nature." Garcia Perez, 364 F.3d at 351. The party invoking diversity jurisdiction must prove domicile by a preponderance of the evidence, id. at 350, either by alleging sufficient facts in the notice of removal, by submitting additional materials of evidentiary quality, or by referencing the complaint. Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

    Sanders contends that LaFromboise's assertion that he is "residing" in Vermont is insufficient to establish his citizenship there. She states, without support, that LaFromboise resided in Lebanon, New Hampshire while she was employed by Luminescent Systems.[1]  In contrast, the defendants

---

[1] Sanders does not allege where LaFromboise was residing at the time suit was filed, which is the only relevant inquiry. See

have submitted a sworn statement from LaFromboise that he has lived in Vermont since at least 1988, has raised his family there, and has no intention of relocating to another state. Doc. No. 6-2.  They have submitted evidence that he owns a home and pays property taxes in Vermont, that his car is registered in Vermont, and that he possesses a Vermont driver's license. Id.  Notwithstanding Sanders conclusory assertion to the contrary, the defendants have presented sufficient evidence to establish that LaFromboise is a citizen of Vermont.

## II.  AMOUNT IN CONTROVERSY

A defendant seeking removal must prove the amount in controversy by a preponderance of the evidence.  Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41, 50 (1st Cir. 2009). When the amount in controversy is disputed, courts require more than a bare allegation such as that included in defendants' notice of removal.  Doc. No. 1.  "However, in this Circuit, a removal defendant can meet its burden by going outside the four corners of the notice of removal."  Mut. Real Estate Holdings, LLC v. Houston Cas. Co., No. 10-cv-236-LM, 2010 WL 3608043, at *4 (D.N.H. Sep. 13, 2010).  A removal defendant can meet its burden by "alleging sufficient facts in its notice of removal,

---

Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010).

relying on the face of the complaint in the underlying case, or . . . submit[ting] 'summary-judgment-type' evidence" regarding the amount in controversy at the time of removal.  Id.

Sanders contends that the defendants have offered no evidence to meet this burden.  Here, defendants submitted an affidavit stating that Sanders's employment was terminated on September 12, 2012, and that at the time of her termination her salary was $35,672 per year, with $18,916 per year in additional benefits.  Doc. No. 6-1.  Sanders' request for lost wages and benefits over the nineteen month period from her termination to the removal date thus exceeds $75,000.  There is consequently a sufficient amount in controversy to invoke federal jurisdiction.

### III.  CONCLUSION

Defendants have alleged sufficient facts to meet their burdens.  Thus, I determine that the court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Sanders' motion to remand (Doc. No. 5) is denied.

SO ORDERED.

/s/Paul Barbadoro  
Paul Barbadoro  
United States District Judge

June 23, 2014

cc:   Linda B. Sullivan Leahy, Esq.  
      Elizabeth K. Rattigan, Esq.